IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00641-MR

| | |
|---|---|
| ADRIAN D. MURRAY, | ) |
| Plaintiff, | ) ) ) |
| | ) ORDER |
| v. | ) ) |
| JAMES R. MOHL, | ) ) |
| Defendant. | ) ) |
| _____ | ) |

This matter is before the undersigned on a Motion to Deem Motion for Telephonic Court-Hosted Settlement Conference Timely (the "Motion to Deem Timely," Doc. 71) and Motion for Telephonic Court-Hosted Settlement Conference ("Motion for Telephonic Conference," Doc. 72).

A judicial settlement conference is scheduled for Tuesday, October 12, 2021. See Doc. 70. The Order setting the conference provided additional instructions regarding the conference and instructed the parties that any request to modify the terms of the Order be filed no later than September 28, 2021 or be subject to summary denial.

On October 1, 2021, Defendant James R. Mohl ("Mohl") filed the Motion to Deem Timely and the Motion for Telephonic Conference. By these Motions, Mohl requests that the undersigned consider his untimely request to conduct

the judicial settlement conference telephonically, and to excuse his personal attendance at the settlement conference.

The undersigned has considered Mohl's requests.

While plaintiffs involved in prisoner litigation are often in custody, Plaintiff is no longer incarcerated and presumably can attend a settlement conference.

In addition, he appears *pro se* in this matter.

Further, while the undersigned acknowledges Mohl's concern regarding "COVID-related issues," appropriate safety measures, including social distancing and the required use of face coverings, can and will be employed during the conference.

Under these circumstances, the undersigned continues to believe that an in-person settlement conference is warranted in this case.

With respect to Mohl's request that he be excused from personally attending the October 12, 2021 settlement conference, Mohl contends that because "representatives of North Carolina Department of Public Safety will attend the scheduled settlement conference and will have the ability to negotiate and enter into any binding settlement agreement on behalf of Defendant," Mohl's personal attendance at the conference is not necessary.

While defense counsel and the NCDPS representatives may have authority to negotiate and enter a binding settlement on behalf of Defendant,

as a party to the case Defendant himself has a vested interest in the matter and the undersigned otherwise believes Defendant's personal participation in the conference may be beneficial. Defendant will, though be allowed to participate in the conference by telephone, if he so chooses.[1]

**IT IS THEREFORE ORDERED** that:

(1) The Motion to Deem Motion for Telephonic Court-Hosted Settlement Conference Timely Filed (Doc. 71) is **GRANTED**.

(2) The Motion for Telephonic Court-Hosted Settlement Conference (Doc. 72) is **GRANTED IN PART AND DENIED IN PART**, as stated.

Signed: October 4, 2021

W. Carleton Metcalf
United States Magistrate Judge

---

[1] In the event Mohl chooses to participate by telephone, defense counsel is responsible for making the necessary arrangements.